1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARTI TELFORD,

                     Plaintiff,

     v.

WALGREENS, et al.,

                  Defendants.

Case No. C21-5094 RJB

REPORT AND
RECOMMENDATION

Noted for March 19, 2021

This matter comes before the Court on plaintiff's motion to proceed *in forma pauperis* and proposed complaint. Dkt. 1. Plaintiff is proceeding *pro se* in this matter. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends that the Court dismiss this action and direct plaintiff to file this action in an appropriate venue.

FACTUAL BACKGROUND

Plaintiff brings this action against a number of defendants from various states including Illinois, California, Texas, South Dakota, Colorado, Utah, and Georgia. Dkt. 1-1 at 2. However, none of the defendants reside in Washington. Dkt. 1-1 at 2.

Plaintiff alleges that between 2010 and 2014 she lived in Texas, Utah and Wyoming. Dkt. 1-1 at 5-6. Plaintiff states that the conduct underlying her claims against defendants Interstate and Bingham occurred in Wyoming. Dkt. 1-1 at 6-7. The proposed

1    complaint also alleges that the conduct underlying the claims against defendants Ebay

2    and Walgreen occurred in Wyoming. Dkt. 1-1 at 7-9. Next, the proposed complaint

3    alleges that the conduct underlying the claims against defendants Broom and Tolsma

4    occurred in South Dakota. Dkt. 1-1 at 10-15. Plaintiff states that she later moved to

5    Washington to live with family. Dkt. 1-1 at 15. However, plaintiff does not allege that any

6    of the conduct cited in her complaint occurred in Washington. Dkt. 1-1.

7                                                DISCUSSION

8            Venue may be raised by the Court *sua sponte* where the defendant has not filed

9    a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790

10   F.2d 1486, 1488 (9th Cir. 1986). When a civil action is brought against an officer or

11   employee of the United States acting in their official capacities, venue is proper where:

12   "(A) a defendant in the action resides, (B) a substantial part of the events or omissions

13   giving rise to the claim occurred, or a substantial part of the property that is subject to

14   the action is situated, or (C) the plaintiff resides if no real property is involved in the

15   action." 28 U.S.C. § 1391(e)(1). Pursuant to Section 1391(e)(1), in an action against an

16   officer of the United States acting in their official capacities, another person may be

17   joined as a party "in accordance with the Federal Rules of Civil Procedure and with such

18   other venue requirements as would be applicable if the United State or one of its

19   officers, employees, or agencies were not a party."

20           However, the United States Supreme Court has cautioned against an overbroad

21   interpretation of 28 U.S.C. § 1391(e)(1). *Stafford v. Briggs*, 444 U.S. 527, 539-544

22   (1980).  The Court explained that Section 1391(e)(1) was designed to allow nationwide

23   venue in civil actions where the action was "essentially against the United States."

24

25

REPORT AND RECOMMENDATION - 2

1    *Stafford*, 444 U.S. at 540. The Court further explained that the intent of Section

2    1391(e)(1) was to allow federal courts to review administrative actions, not money

3    damage actions against individuals. *Stafford*, 444 U.S. at 541. Accordingly, the Court

4    held that actions against federal officers in their individual capacity for money damages

5    do not fall within the scope of Section 1391(e)(1). *Stafford*, 444 U.S. at 542-45 ("A suit

6    for money damages which must be paid out of the pocket of private individuals who

7    happens to be … employed by the Federal Government is plainly not one 'essentially

8    against the United States.'").

9         Accordingly, claims against an officer or employee of the United States in their

10   individual capacities are properly consider under the general venue statute – 28 U.S.C.

11   § 1391(b).

12        Plaintiff's proposed complaint alleges claims against defendant Broom and

13   Tolsma in their personal and official capacities. Dkt. 1-1 at 1. The proposed complaint

14   also alleges claims against defendants Saul and Lewandowski in their official

15   capacities. Dkt. 1-1 at 1. Plaintiff's proposed complaint does not challenge an

16   administrative action, instead plaintiff alleges that these defendants conspired to commit

17   fraud against her. Dkt. 1-1 at 9-16. Further, plaintiff is not asking the Court for relief from

18   an administrative decision, rather plaintiff is seeking monetary damages from these

19   defendants. Dkt. 1-1 at 17-29. Accordingly, because plaintiff's complaint is an action for

20   money damages against individual defendants, it is not "essentially against the United

21   States." *See*, *Stafford*, 444 U.S. at 542-45. Therefore, the appropriate venue for this

22   action is determined under 28 U.S.C. § 1391(b), not 28 U.S.C. § 1391(e)(1).

23

24

25

Pursuant to 28 U.S.C. § 1391(b), venue is proper in:

(1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

(3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When a case is filed in the wrong district, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." See, 28 U.S.C. § 1406(a).

The proposed complaint does not allege that any of the named defendants reside in Washington, or that any of the events alleged occurred in Washington. Therefore, Washington is not the appropriate venue for this action.

The named defendants in this action reside in a number of different states. Dkt. 1-1 at 2. The events alleged in the proposed complaint occurred in Wyoming, South Dakota and Texas. Dkt 1-1. Accordingly, it appears that a court in one of these states may be the appropriate venue for this action. However, it is not clear from the proposed complaint which venue is appropriate. Therefore, the undersigned recommends that the court exercise its discretion under 28 U.S.C. § 1406(a) to dismiss this case to allow plaintiff the opportunity to file this action in the correct venue.

REPORT AND RECOMMENDATION - 4

CONCLUSION

Based on the foregoing, the undersigned recommends that the Court dismiss this action pursuant to 28 U.S.C. § 1406(a) because the Western District of Washington is not the appropriate venue for this action. In light of the recommended dismissal, the undersigned also recommends that the Court deny plaintiff's motion to proceed *in forma pauperis* (Dkt. 1) as moot.

Plaintiff has **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on March 19, 2021, as noted in the caption.

Dated this 5th day of March, 2021.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5