UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARTI TELFORD,<br><br>                       Plaintiff,<br><br>          v.<br><br>WALGREENS, et al.,<br><br>                       Defendants. | Case No. C21-5094 RJB<br><br>ORDER DECLINING TO RECUSE AND REFERRING PLAINTIFF'S MOTION TO RECUSE |

This matter comes before the Court on plaintiff's motion requesting that Magistrate Judge Theresa L. Fricke recuse herself from this case. Dkt. 4. Plaintiff cites an alleged prejudicial bias as justification for this motion to recuse. Dkt. 4 at 3.

On February 5, 2021, plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* and a proposed civil complaint. Dkt. 1. Plaintiff's proposed complaint alleges claims against defendants from various states. Dkt. 1-1 at 2. However, none of the defendants named in the complaint reside in Washington. Dkt. 1-1 at 2. Additionally, the alleged wrongful conduct underlying plaintiff's complaint did not occur in Washington. Dkt. 1-1. The undersigned issued a Report and Recommendation explaining that venue is not proper in the Western District of Washington. Dkt. 3. The Report and Recommendation recommended that the Court dismiss this action without prejudice so that plaintiff could file this action in an appropriate venue. Dkt. 3.

Plaintiff filed the pending motion seeking a 45-day extension of time to file objections to the Report and Recommendation. Dkt. 4. Plaintiff's motion also moves for the recusal of Judge Fricke, asserting that Judge Fricke "is an ex US attorney still wedded to her prior employment and [Plaintiff] believe[s] she was biased in her assessment of jurisdiction." Dkt. 4. The Court granted plaintiff's motion for extension of time and referred plaintiff's motion to recuse to Judge Fricke. Dkt. 5.

A judge of the United States shall disqualify herself from a proceeding in which her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). In addition, a judge of the United States shall disqualify herself under circumstances where she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Normally, a judge should not be recused when the only basis for the motion to recuse is that the judge made adverse rulings in the case where the party seeks disqualification of the judge. *Liteky v. U.S.,* 510 U.S. 540, 555 (1994); *In re Marshall,* 721 F.3d 1032, 1041 (9th Cir. 2013).

Pursuant to 28 U.S.C. § 144, a judge shall proceed no further "whenever a party to any proceeding in a district court files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [the filing party] or in favor of any adverse party." In addition, 28 U.S.C. § 455 reiterates the "grounds for recusal set forth in § 144 . . . [and] (1) made them applicable to *all* justices, judges, and magistrates (and not just district judges), and (2) placed the obligation to identify the existence of those grounds upon the judge himself, rather than requiring recusal only in response to a party affidavit." *Liteky,* 510 U.S. at 548 (emphasis in

original). Under both §144 and § 455, recusal of a federal judge is appropriate for either actual bias or appearance of bias, if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective test. *Preston v. United States,* 923 F.2d 731, 734 (9th Cir. 1991).

United States District Court for the Western District of Washington Local Civil Rule, LCR 3(f) additionally provides that:

> **(f) Motions to Recuse**
>
> Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

Courts have held that, generally, personal bias or prejudice under § 144 or § 455 must stem from an extrajudicial source. *Liteky*, 510 U.S. at 544 (1994); *U.S. v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997). Thus "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" because they cannot show reliance upon an extrajudicial source. *Liteky*, 510 U.S. at 555. Further, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

ORDER DECLINING TO RECUSE AND REFERRING
PLAINTIFF'S MOTION TO RECUSE - 3

Thus, plaintiff would need to demonstrate bias stemming from an extrajudicial source or a deep-seated favoritism to provide grounds for recusal under § 144 or § 455. *See U.S. v. Sibla,* 624 F.2d 864, 868-869 (9th Cir. 1980) (court should initially determine whether the facts alleged in the affidavit submitted by the party seeking recusal are legally sufficient to support the motion, and refer the motion to another judge to determine the merits).

Plaintiff has failed to offer evidence of any extrajudicial source for the undersigned Magistrate Judge's alleged bias. Nor does she allege any facts or instances demonstrating a "deep-seated bias" that would make fair judgment impossible. Further, plaintiff has done nothing more than make conclusory allegations, which "are insufficient to support a claim of bias or prejudice such that recusal is required." *U.S. v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (internal quotations omitted).

The undersigned has done nothing that would create the appearance of personal bias, nor does the undersigned have any reason to be partial to one side or the other in this matter. A reasonable person with knowledge of all the facts would *not* conclude that the judge's impartiality might reasonably be questioned. Considering the objective test, the undersigned finds that there is no merit to the motion to recuse. The undersigned declines to recuse herself from this case. *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993).

**CONCLUSION**

There is no reasonable basis for recusal in this instance. In accordance with LCR 3(f), Petitioner's motion shall be referred to the Chief Judge for a determination of its

merits. Accordingly, the undersigned **DECLINES** to recuse voluntarily. Plaintiff's motion for recusal of the undersigned is **REFERRED** to Chief Judge Ricardo Martinez for decision and the Clerk of the Court is directed to place the motion for the recusal of the undersigned on Judge Martinez's motion calendar.

This action and all motions currently pending before the Court are hereby **STAYED** pending resolution of the recusal issue. No further motions shall be filed in this matter until the stay is lifted. Any motion filed while the matter is stayed shall not be considered and shall be dismissed. The Clerk of the Court shall send a copy of this Order to Plaintiff.

Dated this 6th day of April, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DECLINING TO RECUSE AND REFERRING
PLAINTIFF'S MOTION TO RECUSE - 5