UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTI TELFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WALGREENS, *et al.*,<br><br>　　　　Defendants. | CASE NO. C21-5094 RJB-TLF<br><br>ORDER AFFIRMING ORDER DECLINING TO RECUSE |

　　　This matter is before the Court for review of an order by the Honorable Theresa L. Fricke, United States Magistrate Judge, denying Plaintiff's request for Judge Fricke to voluntarily recuse herself from this case. Dkt. #6; LOCAL RULES W.D. WASH. LCR 3(f) (order denying voluntary judicial recusal referred to the Chief Judge). Having reviewed the matter, the Court affirms Judge Fricke's order.

　　　Plaintiff, proceeding pro se, sought to pursue this action *in forma pauperis*. Dkt. #1. Prefiling review by Judge Fricke led her to conclude that venue was not proper in the Western District of Washington as none of the defendants resided in Washington and none of the alleged conduct occurred in Washington. Dkt. #3 at 1. Accordingly, Judge Fricke issued a report and recommendation advising that this action should be dismissed. *Id.* at 4–5. Judge Fricke provided Plaintiff with fourteen days to object to the report and recommendation. *Id.* at 5.

ORDER – 1

In response, Plaintiff filed a four-page motion requesting 45 days to draft objections, making preliminary arguments against dismissal, requesting leave to file electronically, and seeking Judge Fricke's voluntary recusal. *See generally* Dkt. #4. As to recusal, Plaintiff provides only limited facts and no legal analysis:

> Finally, I respectfully request that reference of my case to this magistrate be withdrawn as she is an ex US attorney still wedded to her prior employment and I believe she was biased in her assessment of jurisdiction in her R & R to my prejudice . . . which assessment as non-compliant with the law.

*Id.* at 3 (ellipses in original). Plaintiff's generic allegations are not sufficient to warrant disqualification.

A "judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also* 28 U.S.C. § 144. This includes circumstances where the judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

Plaintiff first objects on the basis that Judge Fricke was previously "an ex US attorney"—in fact, Judge Fricke was an Assistant Attorney General for the State of Washington[1]—and is "still wedded to her prior employment." Dkt. #4 at 3. Plaintiff does not allege any interactions with Judge Fricke when she previously worked as a "US attorney." Rather, she jumps to the

---

[1] https://www.wawd.uscourts.gov/sites/wawd/files/TLFResume.pdf.

ORDER – 2

unfounded conclusion that Judge Fricke will not preside over the action in a fair and impartial manner.

Secondly, Plaintiff complains that Judge Fricke must be biased because she issued a report and recommendation advising that the Court should dismiss this matter. The argument is wholly baseless. Judge Fricke's report and recommendation, while well-reasoned and written, was a wholly unremarkable order. The Court is not able to discern any language giving rise to even an inference of bias in Judge Fricke's order. The only reasonable conclusion is that Plaintiff suspects bias because of the result. But Judge Fricke's judicial actions do not establish bias. *See Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source."). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

Accordingly, and for the reasons set forth above, the Court finds and ORDERS that Judge Fricke's order declining to disqualify herself (Dkt. #6) is AFFIRMED.

DATED this 12th day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3